IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK M.,[1] )<br>)<br>   Plaintiff, )<br>) <br>   v. )<br>) <br>FRANK BISIGNANO, )<br>Commissioner of Social Security, )<br>) <br>   Defendant. )<br>) | No. 25 C 7896<br><br>Magistrate Judge<br>Daniel P. McLaughlin |

# MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Mark M.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [10] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [13] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

# BACKGROUND

## I. PROCEDURAL HISTORY

On June 1, 2022, Plaintiff filed a claim for DIB, alleging disability since May 1, 2022. The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on February 14, 2024, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On May 13, 2024, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of May 1, 2022. At step two, the ALJ concluded that Plaintiff had the following severe impairments: osteoarthritic disorder; bone spur of the left elbow; Parkinson's disease; and obesity.

The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work with the following additional limitations: can no more than frequently climb ladders, ropes, or scaffolds, ramps or stairs, and no more than frequently handle or finger bilaterally; and should avoid concentrated exposure to work hazards such as unprotected heights and dangerous moving machinery. At step four, the ALJ determined that Plaintiff is capable of performing his past relevant work as a floor salesperson. Accordingly, the ALJ concluded that Plaintiff is not disable under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former

3

occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and

4

means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ improperly rejected consideration of submitted evidence; and (2) the ALJ erred in finding that Plaintiff's mental impairments were not severe and further erred in not including related functional limitations in the RFC.

In advancing his first argument, Plaintiff contends that the ALJ erred by not admitting and considering a Mental Medical Source Statement dated April 9, 2024 provided by Ci Psych, PLLC. (*See* R. 32-36.) Pertinent to that assertion, on January 17, 2024 (more than five business days before the February 14, 2024 hearing), Plaintiff's counsel informed the ALJ in writing that they were requesting and intended to submit additional medical records, including the psychological medical source statement in question. (*Id.* at 366-367.) At the hearing, the ALJ acknowledged that the records from Ci Psych remained outstanding. (*Id.* at 85.) After the hearing, Plaintiff's counsel received and submitted the medical source statement to the ALJ on April 9, 2024. Despite the fact that she had not yet issued a decision, the ALJ refused to admit the medical source statement, finding that Plaintiff had not provided a sufficient explanation for not submitting the document sooner. (*Id.* at 59.)

The regulation pertinent to Plaintiff's first argument is 20 C.F.R. § 404.935, which addresses a claimant's submission of written evidence to an ALJ. The regulation provides that a claimant "must inform [the ALJ] or submit any written evidence . . . no later than 5 business days before the date of the scheduled hearing."

6

20 C.F.R. § 404.935(a). The regulation states that if a claimant misses this deadline, the ALJ will nonetheless accept the evidence if the claimant shows that the deadline was missed for certain specified reasons, including "unavoidable circumstances beyond [the claimant's] control" where the claimant "actively and diligently sought [the] evidence." 20 C.F.R. § 404.935(b). Here, in responding to Plaintiff's first argument, Defendant contends that Plaintiff has not established that any of these letter exceptions apply. Along those lines, Defendant argues that Plaintiff has not shown that "he 'actively and diligently' sought the evidence" and has not explained "why he could not have procured the evidence in question earlier." ([13] at 3.) Defendant's arguments in that regard miss the mark for the simple reason that Plaintiff did not miss the deadline set forth in § 404.935(a) in the first instance. Indeed, "[i]t is well-established that the five-business-day rule does not require a claimant to *obtain and submit* all relevant records more than five days prior to a hearing; rather, it requires the claimant to *inform the ALJ* of the records' existence by that deadline." *Janisha C. v. Kijakazi*, No. 22-CV-00381, 2023 WL 5017943, at *3 (N.D. Ill. Aug. 7, 2023) (emphasis added, citation and internal quotations omitted). Here, Plaintiff informed the ALJ of the expected Ci Psych medical source statement more than five business days before the February 14, 2024 hearing. (R. 366-367.) Accordingly, because Plaintiff did not miss the deadline set forth in § 404.935(a), he was not necessarily required to prove that any of the exceptions set forth in § 404.935(b) were applicable in order to have the document considered by the ALJ.

7

Under the circumstances of this case – where Plaintiff timely informed the ALJ of the medical source statement, the ALJ explicitly acknowledged the expectancy of the document, and the medical source statement was submitted to the ALJ before she issued a decision – the Court finds that the ALJ erred in refusing to admit and consider this relevant medical evidence. *See Bertha D. v. Bisignano*, No. 22 CV 6819, 2025 WL 3199134, at *3 (N.D. Ill. Nov. 17, 2025) (finding ALJ erred in not admitting exhibit where the ALJ "acknowledged that [the] specific records remained outstanding as of the [hearing date]"). The Court finds that the ALJ's error in that regard requires that this matter be remanded. Generally, if an "ALJ decline[s] to consider medical records of which he had been timely informed," a claimant is "entitled to have his decision reversed and remanded." *Janisha C. v. Kijakazi*, No. 22-CV-00381, 2023 WL 5017943, at *3 (N.D. Ill. Aug. 7, 2023). Here, the ALJ's failure to admit the medical source statement was not harmless, as the opinions set forth in the document directly contradict the ALJ's finding that Plaintiff's "mental impairments cause no more than 'mild' limitation in any of the functional areas." (R. 65.) *See Bertha D.*, 2025 WL 3199134 at *3 ("But the ALJ did not discuss unique evidence in Exhibit 14F that tends to support Bertha's claim. Indeed, Exhibit 14F directly contradicts part of the ALJ's rationale for finding Bertha not disabled.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were

omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that all properly submitted medical evidence is considered and Plaintiff's mental health impairments are properly assessed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [10] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [13] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order. On remand, the ALJ shall admit and consider the Mental Medical Source Statement provided by Ci Psych, PLLC.

**SO ORDERED.**  **ENTERED:**

**DATE:   December 29, 2025**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**

9